## UNITED STATES DISTRICT COURT
## WESTERN DISTIRCT OF KENTUCKY
## LOUISVILLE DIVISION

IN RE:                                              :
**SKECHERS TONING SHOE**
**PRODUCT LIABILITY LITIGATION**         :      **CASE:** 3:11-md-02308-TBR

------------------------------------------------------  :    **MDL No.:  2308**
**This Document Applies to All Actions**
------------------------------------------------------  :    **Judge Thomas B. Russell**


## PRACTICE AND PROCEDURE ORDER NO. 8:
## TOLLING AGREEMENT

This Practice and Procedure Order No. 8 shall apply to all
personal injury claims pending before the Court in MDL No.
2308.


WHEREAS, the Plaintiffs Steering Committee ("PSC") has stated that the members of the PSC and the other plaintiffs' counsel in this proceeding represent numerous individuals (collectively potential plaintiffs ) who seek to assert claims involving the use of Skechers Shape- ups Toning Shoes; against SKECHERS, U.S.A., Inc.; SKECHERS, U.S.A., Inc., II; and SKECHERS FITNESS GROUP, (collectively "potential defendants"),(collectively "the parties").

WHEREAS, the potential plaintiffs and their counsel desire to cooperate with the potential defendants in resolving any potential disputes between the parties;

THEREFORE, in order to facilitate an orderly process of investigation and inspection, and in an attempt to avoid immediate and potentially unnecessary litigation and to enter a voluntary mediation program to be agreed to between the parties, and in consideration of the mutual promises and agreements made herein, the potential plaintiffs and the potential defendants agree as follows:

1.      Counsel for the potential plaintiffs shall identify the names of the individual potential plaintiffs who expressly adopt and agree to be bound by the terms of this Agreement by sending a signed writing to counsel for the potential defendants.

2.      The effective date of the Agreement as to each individual potential plaintiff on whose behalf a lawsuit has not yet been filed shall be the date of the signed writing from counsel for the potential plaintiffs in which the identified individual potential plaintiff adopts and agrees to be bound by the terms of the Agreement.

3.      The parties agree that the term "Limitations" shall mean any and all time limitations on the assertion, prosecution, or filing or service of any lawsuit with respect to the Claims, including any and all statutes of limitations, statutes of repose, discovery statutes, time limitations in equity, statutory time conditions on filing suits, laches, and any other time bars, as determined by the relevant law of the claimant's state of residence.

4.      The potential defendants, for themselves and their successors, assigns and/or insurers, agree that the running of any statutes of limitations imposed by any jurisdiction for the filing of any civil action shall be suspended for the "Time Period," which is defined as the period of time commencing on the effective date of the Agreement through and including the effective date of the termination of the Agreement, unless otherwise agreed upon and amended in writing.  The suspension of any statutes of limitations is operative as to any claim or cause of action in any way connected with, arising out of, or related to the alleged use of Skechers Shape-ups, that may be brought against the potential defendant by the potential plaintiffs.  The potential defendants, for themselves and their successors, assigns and/or insurers, expressly waive and relinquish any right to assert that the time prescribed by any statutes of limitations from any jurisdiction for the filing of any civil

action has expired during the Time Period, as defined herein, to bar the claims brought or to be brought by any potential plaintiffs.

5.      The potential defendants expressly reserve and do not waive their rights to assert that limitations or laches expired prior to the effective date of the Agreement, nor do the potential plaintiffs waive their right to assert that limitations or laches did not expire prior to the date of commencement of this Agreement. The parties expressly agree that the Agreement shall not in any manner revive any claims or causes of action that had already become barred by laches or by any statute of limitations from any jurisdiction as of the effective date of this Agreement.

6.      The parties agree that any party to the Agreement may terminate the Agreement as to a particular plaintiff for any reason upon thirty (30) days' prior written notice to all parties to the Agreement. The termination of the Agreement shall be effective upon the expiration of thirty (30) days after the written notice. Notwithstanding any other provision to the contrary, the tolling of any statute of limitations pursuant to the Agreement shall thereafter continue for a period of thirty (30) days from the effective date of the termination.

7.      If, after execution of this Agreement, counsel for potential plaintiffs ceases to represent a potential plaintiff, counsel for potential defendants shall be notified within ten (10) days. If the potential plaintiff or the potential plaintiff's new counsel does not agree to be bound by this Tolling Agreement within sixty (60) days after the representation terminates, this Agreement shall cease to be effective as to the potential plaintiff.

8.      The potential plaintiffs agree that, during the term of the Agreement, they will not file any civil action in any state or federal court against the potential defendants, relating to claims or causes of action that are the subject of the Agreement, without giving the potential

defendant at least thirty (30) days' notice in writing of their intention to file the suit. During such thirty (30) day period in advance of litigation being filed, or at any time the Agreement is in effect, upon reasonable request, counsel for the potential plaintiffs agrees to confer with counsel for the potential defendants to discuss the potential claims that are to be the subject of the litigation.

9.      Consistent with Discovery Order No. 1, each potential plaintiff shall complete and serve the Court approved Plaintiff's Fact Sheet within 60 days of the effective date of that Order.

10.      Each potential plaintiff, within 120 days of the effective date of the Agreement, agrees to make available to counsel for the potential defendants the following documents relating to her and within her possession, custody or control:

   a.      Medical records from physicians or other health care providers who treated any plaintiff related to the use of Skechers.

   b.      Any proof of Purchase records;

   c.      A fully executed HIPAA-compliant medical records authorization limited to health care providers providing services for alleged toning shoe induced injuries and the relevant time period; and

   d.      A list of the names and addresses of all physicians or other health care providers, including all known podiatrists, who provided services for alleged toning shoe induced injuries..

Each potential plaintiff further agrees that, if any documents specifically identified above are not provided either because of the assertion of the attorney-client privilege or work product doctrine or because of the assertion that the potential plaintiff claims that he/she does not have the authority to release the documents, the potential plaintiff agrees to provide, to the extent known, the following information regarding the documents not being produced: a) author(s); (b) recipient(s); (c) date; (d) type of document; (e) description of contents; (f) description of the basis for withholding, including the name of the party who has authority to release the document,

if applicable. If any documents specifically identified above are not provided because the potential plaintiff claims that he/she does not have the authority to release the documents, then the potential plaintiff agrees to make a good faith effort to obtain the authority to release the documents and to advise the potential defendant if such authority is refused. In the event counsel for the potential defendants uses a potential plaintiff's HIPAA-compliant authorization to request records, counsel for the potential defendants agrees to provide to counsel for the potential plaintiff a copy of the records request to the particular provider(s) as well as copies of any records obtained via the HIPAA-compliant authorization. Counsel for the potential plaintiff agrees to bear the cost of their own copies of records and/or preparation of a CD under this provision.

11.     Upon receipt of the documents described in paragraph 9, counsel for the potential defendants shall have forty-five (45) days in which to either: (a) notify counsel for the potential plaintiffs in writing that the documents are complete, or (b) request additional documents from counsel for the potential plaintiffs that are within his/her counsel's possession, custody or control. Counsel for the potential plaintiffs shall provide any such requested documents within forty-five (45) days of the request. Once counsel for the potential defendants has notified counsel for the potential plaintiffs in writing that the documents are complete, counsel for the potential defendant shall add the case to the list of cases to be mediated.

12.     When the review of the complete set of documents is finished, counsel for the potential defendants will send a letter to counsel for the potential plaintiffs notifying counsel that the review is complete. This notification letter may include a request that counsel for the potential plaintiffs agree not to file the particular potential plaintiff's case and stating the basis for the request. In the event counsel for the potential defendants does request that counsel for a

particular plaintiff agree not to file the case, counsel for the potential plaintiff will respond to such request in writing within fifteen (15) days, stating whether or not the potential plaintiff agrees not to file the case. At any time, the parties may send the required thirty (30) days written notice of termination of the Agreement. Before the effective termination date of the Agreement as to the particular potential plaintiff, counsel for the potential plaintiff shall either agree in writing not to file the particular plaintiff's case or provide written notice of intent to file suit pursuant to paragraph 8.

13.     No provision of the Agreement shall operate to toll or suspend any statute of limitations or laches for the benefit of any person or entity who is not a party to the Agreement or has not accepted the terms of the Agreement, with the sole exception of any family members (including spouse, domestic partner, and/or significant other) of a potential plaintiff who has accepted the terms of the Agreement that would be entitled to seek loss of consortium damages under the applicable law of the potential plaintiff's state of residence; or, in the event of a wrongful death case, any lawful heir or survivor entitled to bring a claim as defined by applicable state law.

14.     The Agreement is not and shall not be construed by any party or authority as an admission of law or facts relating to any possible claims or causes of action, or the applicability or effect of any statute of limitations or doctrine of laches. The parties agree that the Agreement is protected by Rule 408 of the Federal Rules of Evidence.

15.     The execution and delivery of the Agreement and the purposes accomplished hereby have been duly authorized by respective counsel for the potential plaintiffs and the potential defendants, and the undersigned have been duly authorized to execute the Agreement on behalf of their respective clients.

16.     This Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original. The parties may execute and deliver this Agreement via facsimile or e-mail, and such delivery shall be deemed effective upon the receipt of any such executed document.

17.     The parties agree that the only remedy for breach of the Agreement is the termination of the entire Agreement pursuant to the provisions above. Any such termination shall not serve to invalidate the tolling period that has transpired for that period of time prior to the termination.

SIGNED: _____, 2012          SIGNED: _____, 2012


_____          _____


**IT IS SO ORDERED.**