# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: SKECHERS TONING SHOE PRODUCTS LIABILITY LITIGATION | Master File No. 3:11-MD-2308-TBR<br>MDL No. 2308 |
| Case Nos. 3-13-CV-790, 3:13-CV-851, 3:13-CV-1011 | THOMAS B. RUSSELL<br>U.S. DISTRICT JUDGE |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss, (Docket Nos. 1344, 1370, 1571), and Motion for Hearing on the Motions to Dismiss, (Docket Nos. 1532). Plaintiffs have responded. (Docket Nos. 1447, 1516, 1641.) Defendants have replied. (Docket Nos. 1496, 1621, 1678.) This matter is fully briefed and ripe for adjudication. For the following reasons, the Court will **DENY** Defendants' Motions to Dismiss without prejudice, (Docket Nos. 1344, 1370, 1571.) The Court will also **DENY** Defendants' Motion for a Hearing on the Motions to Dismiss. (Docket No. 1532.)

I. Defendants' Case Specific Motions Premised on State Law

Defendants move to dismiss the Complaints of several individual Plaintiffs based on the statute of limitations of the applicable states' law in each case.[1] Plaintiffs argue that ruling on case specific legal and factual issues in the cases filed in this multidistrict litigation (MDL) will not promote efficiency through coordination of discovery, which is the primary purpose of the multidistrict litigation transfer. (Docket No. 1447, at 1.) Defendants argue that the Court has discretion to rule on these motions and that MDL transferee courts do in fact "routinely" dismiss

---

[1] Defendants also move to dismiss Plaintiff's claims based on other state laws. (*See, e.g.,* Docket No. 1370-1, at 2 (moving for dismissal on basis of failure to give notice of claim and opportunity to cure as required by W.V. Code § 46-A-6-10(b).)) For the same reasons that the Court will refrain from ruling on the merits of Defendants' Motions to Dismiss premised on the applicable statute of limitations, the Court will refrain from ruling on the merits of Defendants' case specific motions based on these state laws.

time-barred actions under the laws of numerous states. (Docket No. 1496, at 4.) Plaintiffs do not dispute that the Court has authority/discretion rule on case specific motions, but instead argue that authority/discretion is "better left unexercised in light of the delay and burden that such motions will create for the Court and the parties." (Docket No. 1447-1, at 2.)

The primary purpose of multidistrict litigation (MDL) is the promotion of "efficiency through coordination of discovery." *In re: Nuvaring Prods. Liab. Litig.*, No. 4:08MD1946-RWS, 2009 WL 4825170, at *2 (E.D. Mo. Dec. 11, 2009) (citations omitted). Case specific rulings "are neither the purpose, nor the forte, of a court presiding over a multidistrict litigation." *Id.* (citations omitted). Instead, the function of an MDL is to "promote judicial economy and litigant efficiency by allowing the transferee court to preside over matters common among all cases" and, therefore, the transferee court typically does not rule on case-specific legal issues. *Id.* Quite simply, deciding case specific issues is not the role of a MDL court. In fact, in many instances the "transferor" court is better suited to decide case specific legal issues—particularly in cases involving local laws where they naturally have more familiarity and expertise, such as in these cases.

Although it would clearly be within this Court's discretion to consider and rule on Defendants' case specific motions, the Court, in its discretion, will refrain from ruling on the merits of these motions. Resolution of these motions would require analysis of the specific facts of each individual case and the unique law of the Plaintiffs' states of residence.[2] This would result in a significant burden on the Court and would not promote efficiency. The time and

---

[2] The Court notes that, according to the latest report of the Judicial Panel on Multidistrict Litigation, there are 572 cases pending in MDL 2308. Furthermore, Plaintiff has continued to file cases in this MDL since the date of that report and contends they plan to file approximately one thousand additional cases in this MDL. (Docket No. 1516-1, at 3.) Even if only a small percentage of these cases had case specific motions for dismissal based on state law, there would be a substantial burden placed upon the Court and inefficiency would result. Additionally, the Court would be in the uncomfortable position of having to perform an analysis of many different states' laws.

resources of the Court are better expended on issues that are common to all cases. Therefore, the Court will leave the resolution of these motions to the transferor courts upon remand.

Accordingly, the Court will **DENY** Defendants' Motions to Dismiss based on state law statute of limitations. Any further case specific Motions to Dismiss premised on state law statutes of limitations will also be denied. For the same reasons, the Court will also **DENY** Defendants' Motions to Dismiss premised on other, case specific state laws. (*See, e.g.,* Docket No. 1370-1, at 2 (moving for dismissal on basis of failure to give notice of claim and opportunity to cure as required by W.V. Code § 46-A-6-10(b)).)

I. <u>Plaintiff Paula Hurley's Consumer Protection, Fraud/Negligent Representation, and Warranty Claims</u>

As to Plaintiff Paula Hurley, (Case No. 3-13-CV-790), Defendants move to dismiss her consumer protection, fraud/negligent representation, and warranty claims based on principles of release and *res judicata*. (Docket No. 1344, at 2.) Specifically, Defendants state these claims were previously settled as part of the nationwide class action in *Grabowski v. Skechers U.S.A., Inc.* and, on May 13, 2013, this Court entered a final order approving that settlement and barring further proceedings by any class members who failed to opt out. Defendants claim Plaintiff Hurley was a member of the *Grabowski* class who settled and broadly released any claims under consumer protection laws, fraud/misrepresentation theories, and warranty theories. Defendant argues because Plaintiff Hurley did not opt out of that class action her claims are barred. (Docket No. 1344-1, at 8.)

The Court finds that Plaintiff Hurley was part of the class which the Final Approval Order in *Grabowski* settled. (*See* Docket No. 934.) Plaintiff Hurley is not listed as one of the persons opting out of the settlement. (*See* Docket No. 934, at 13-33.) Accordingly, she is bound by the class settlement's terms.

Plaintiff Hurley has not responded to Defendants' argument that the *Grabowski* class action settlement precludes her from pursuing warranty, fraud/misrepresentation, and consumer protection claims. However, the Court notes that the settlement agreement did expressly reserve claims relating to personal injury to the Plaintiffs. (Docket No. 934, at 7.) Accordingly, to the extent they are premised on personal injury and viable, Plaintiff Hurley's consumer protection, fraud/negligent representation, and warranty claims will be permitted to proceed at this stage of the litigation and the Court will **DENY** the Motion to Dismiss, (Docket No. 1344), on those claims. (Case No. 3-13-CV-790.)

II. <u>Plaintiff Ingrid Baird's Consumer Protection, Fraud/Negligent Representation, and Warranty Claims</u>

For the same reasons discussed above with respect to Plaintiff Hurley, Defendants move to dismiss Plaintiff Ingrid Baird's, (Case No. 3:13-CV-1011), consumer protection, fraud/negligent representation, and warranty claims. However, unlike Plaintiff Hurley, Plaintiff Baird does attempt to refute Defendants' arguments. Specifically, Plaintiff Baird states:

> Plaintiff's claims sounding in warranty, fraud and negligent representation allege personal injury as a result of Skechers' wrongful conduct. Pursuant to the *Grabowski* settlement agreement, these claims are expressly reserved to the plaintiff. Specifically, section VIII, subsection C of the agreement specifically states "[n]otwithstanding the language in this section and/or this Agreement, the members of the Class . . . are not releasing any claims of or relating to personal injury." Therefore, the plaintiff's claims sounding in warranty, fraud, and negligent representation are not barred by the settlement in *Grabowski* and should not be dismissed.

(Docket No. 1641-1, at 20.) The Court agrees that the settlement agreement did expressly reserve claims relating to personal injury to the Plaintiffs. (Docket No. 934, at 7.) Accordingly, to the extent they are premised on personal injury and viable, Plaintiff Baird's consumer protection, fraud/negligent representation, and warranty claims will be permitted to proceed at

this stage of the litigation and the Court will **DENY** the Motion to Dismiss, (Docket No. 1571), on those claims.[3] (Case No. 3:13-CV-1011.)

CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that Defendants' Motions to Dismiss are **DENIED**. (Docket Nos. 1344, 1370, 1571.) The Court will also **DENY** Defendants' Motion for a Hearing on the Motions to Dismiss. (Docket No. 1532.)

**IT IS SO ORDERED.**

---

[3] Defendants' reply to Plaintiff Baird's argument states:
> While accurate, this argument does nothing more than highlight the fatal flaw in her argument. Those personal injury claims were not part of the *Grabowski* class action, and therefore the filing of that suit could not save her otherwise untimely Complaint. But Plaintiff's other, advertising-based claims were released by the *Grabowski* settlement, and therefore they must be dismissed even if there were a basis for tolling as to them.

(Docket No. 1678, at 13.) Defendants are referencing an argument Plaintiff makes that under state law the running of the statute of limitations with respect to her personal injury claims should have been tolled upon the filing of the class-action complaints in *Grabowski*. This is a case specific issue and, as discussed above, the Court declines to decide it.