**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

IN RE: SKECHERS TONING SHOE			Master File No. 3:11-MD-2308-TBR
PRODUCTS LIABILITY LITIGATION			MDL No. 2308

MARY KEETON

v.							CASE NO. 3:14-CV-646-TBR

SKECHERS U.S.A., INC., *et al.*

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion to dismiss. (Docket #2063). The Plaintiff Mary Keeton has not responded. This matter is now ripe. For the following reasons, Defendant's motion to dismiss (Docket #2063) is GRANTED.

### DISCUSSION

Defendants move to dismiss the complaint of Mary Keeton pursuant to Rule 12(b)(1)[1] of the Federal Rules of Civil Procedure. Defendants argue approximately one year prior to filing this federal lawsuit Keeton filed a state court complaint[2] asserting similar claims and seeking similar relief. Therefore, Defendants seek to have Keeton's later-filed federal lawsuit dismissed on the grounds it is duplicative.

If a federal court has jurisdiction, it generally will not abstain from hearing the case. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) ("Abstention from the exercise of federal jurisdiction is the exception, not the rule"). Nevertheless, a federal court may abstain if concurrent litigation is pending in state court. In deciding whether it is

---

[1] "In considering a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, a district court may consider factual matters outside the pleadings and resolve factual disputes." *Anestis v. United States*, 749 F.3d 520, 524 (6th Cir. 2014).

[2] The state court case is *Shannon Tatro, et al. v. Skechers U.S.A., et al.*, Case No. BC525450 filed in the Superior Court of California.

appropriate to abstain, the court must consider five factors: "(1) which court first assumed jurisdiction over the res or property involved, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) the order of filing for the state and federal actions, and (5) the presence of a federal question." *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 329 (6th Cir. 1998). Courts have also considered other factors, such as relative progress of each case and whether the source of governing law is state or federal. *Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998).

In this case, all of the factors are either neutral or weigh in favor of this court abstaining from exercising jurisdiction. The state court action was filed approximately one year before this action and "substantial discovery has been taken." (Docket #2063). There is no federal question at stake; this case is governed by state law. Moreover, there is the "danger of piecemeal litigation," which arises whenever "different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341. While neither court has assumed jurisdiction over any property, the absence of this factor is merely neutral.

"When a case proceeds on parallel tracks in state and federal court, the threat to efficient adjudication is self-evident." *Id*. Furthermore, the "legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamemanship or that result in conflicting adjudications." *Id*.

Accordingly, the Court finds it is appropriate to abstain from exercising jurisdiction over Mary Keeton's claims as these claims are currently pending in a state court action. Where abstention is appropriate, the "general course of action is to stay the proceeding pending the conclusion of the state action." *Travelers Prop. Cas. Co. of Am. v. Associated Eng'Rs*, 2013 U.S.

Dist. LEXIS 169617 (W.D. Ky. 2013). However, the court may dismiss the federal action if, "[o]nce the state action is complete, there will be no remaining issues in the federal action." *Id*. In this case, Keeton has raised the same claims as she raised in the state court action, and resolution of the state court action will resolve all issues before this Court. Accordingly, dismissal of this case without prejudice is warranted.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Docket #2063) is GRANTED and Plaintiff Mary Keeton's complaint is dismissed.