UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE: SKECHERS TONING SHOE             Master File No. 3:11-MD-2308-TBR
PRODUCTS LIABILITY LITIGATION           MDL No. 2308

MARY KEETON

v.                                      CASE NO. 3:14-CV-646-TBR

SKECHERS U.S.A., INC., *et al.*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' motion to dismiss. (Docket #6). The Plaintiff Mary Keeton responded. (Docket #8). Defendants have replied. (Docket #9). This matter is now ripe. This Court previously entered a Memorandum Opinion and Order[1] which is AMENDED. For the following reasons, Defendants' motion to dismiss (Docket #6) is DENIED.

## DISCUSSION

Defendants move to dismiss the complaint of Mary Keeton pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendants argue approximately one year prior to filing this federal lawsuit Keeton filed a complaint in California state court (the "California Complaint")[2] asserting similar claims and seeking similar relief. Therefore, Defendants seek to have Keeton's later-filed federal lawsuit dismissed on the grounds it is duplicative.

Keeton responds that she has recently requested the voluntary dismissal of her California Complaint. Keeton argues "[o]nce the dismissal is finalized, her only pending legal proceeding will be [this action]." (Docket #8).

---

[1] The Court erred in overlooking Keeton's response to Defendants' motion.

[2] The state court case is *Shannon Tatro, et al. v. Skechers U.S.A., et al.*, Case No. BC525450 filed in the Superior Court of California.

1

Defendants argue Keeton's dismissal is "blatant forum shopping." (Docket #9). Defendants allege the California Complaint is arguably barred by the California's two-year statute of limitations. Defendants further allege that Keeton, having recognized this defense, filed this federal action while applying Washington law, which has a three-year statute of limitations.

## STANDARD

If a federal court has jurisdiction, it generally will not abstain from hearing the case. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) ("Abstention from the exercise of federal jurisdiction is the exception, not the rule"). Nevertheless, a federal court may abstain if concurrent litigation is pending in state court. In deciding whether it is appropriate to abstain, the court must consider five factors: "(1) which court first assumed jurisdiction over the res or property involved, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) the order of filing for the state and federal actions, and (5) the presence of a federal question." *Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 329 (6th Cir. 1998). Courts have also considered other factors, such as relative progress of each case and whether the source of governing law is state or federal. *Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998).

## DISCUSSION

This Court previously considered the above factors and concluded it was proper to dismiss Keeton's federal case because "Keeton has raised the same claims as she raised in the state court action, and resolution of the state court action will resolve all issues before this Court." (Docket #13).

The Court now considers Keeton's argument that she has moved to dismiss the California Complaint. In light of this fact, there will no longer be parallel proceedings and therefore no reason to dismiss this federal lawsuit.

Defendants would nonetheless ask this Court to dismiss Keeton's complaint because of her "blatant forum shopping." (Docket #9). "Forum shopping frustrates the notion of federalism and stifles judicial economy." *Sean C. Caszatt, Inc. v. Asset Acceptance, L.L.C.*, 2012 U.S. Dist. LEXIS 187108 *9-10 (N.D. Ohio 2012). Defendants rely on two cases – *Eager* and *McDermott* – both of which are distinguishable. *Eager v. Kain*, 158 F. Supp. 222 (E.D. Tenn. 1957); *McDermott v. Toyota Motor Sales Co.*, 487 F. Supp. 484, 485 (E.D. Tenn. 1980). In both *Eager* and *McDermott*, the plaintiff was on the cusp of losing on the merits when the plaintiff dismissed their suit and filed in federal court. *Eager*, 158 F. Supp. At 223 ("When the court thus selected by the plaintiff indicated that the plaintiff was about to lose, the plaintiff took a non-suit"); *McDermott v. Toyota Motor Sales Co.*, 487 F. Supp. 484 (E.D. Tenn. 1980) ("Plaintiff's counsel strongly implies in his brief in opposition to the motion to dismiss that his sole reason for non-suiting the case was his impression, gleaned from the trial court's remarks, that his case had been pre-judged and that he felt he could not get a fair trial in the state court"). The plaintiffs effectively received a decision, but when it was not to their liking, they fled the courthouse before the judge's gavel fell.

Conversely, in this case there is no indication that the statute of limitations issue has been decided by the California court. Therefore, unlike in *Eager* and *McDermott*,[3] there is no reason to prevent Keeton from dismissing her California Complaint and pursuing this action.

---

[3] The Court is also mindful that these cases have been criticized by other courts. *Federal Deposit Ins. Corp. v. Nichols*, 885 F.2d 633, 638 (9th Cir. 1989) ("We conclude that *McDermott* and *Eager* were wrongly decided. We do not believe they can be squared with the Supreme Court's

Defendants also rely on an interesting wrinkle in this case. Keeton is a Washington resident and allegedly all relevant events took place in Washington. Keeton's counsel took the position in the California case that all plaintiffs, including Keeton, had claims that had arisen under California law. Defendants oppose the position that California law applies to all plaintiffs. Regardless of what Keeton's earlier position was, a court will decide the issue of whether her claim is barred by California's two-year statute of limitations or may proceed under Washington's three-year statute of limitations. Since the California state court has not already made that decision, Keeton may dismiss her California Complaint and pursue her claim here.

## CONCLUSION

For the foregoing reasons, this Court's previous Memorandum Opinion and Order (Docket #13) is AMENDED and Defendant's motion to dismiss (Docket #6) is DENIED. The Clerk is directed to restore this case to the active docket.

---

abstention doctrines or its teaching that abstention from federal jurisdiction 'is the exception, not the rule.'") (citation omitted).