UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: SKECHERS TONING SHOE PRODUCTS LIABILITY LITIGATION | Master File No. 3:11-MD-2308-TBR MDL No. 2308 |
| ALDONIA BROWN | |
| v. | CASE NO. 3:13-CV-1075-TBR |
| SKECHERS U.S.A., INC., *et al.* | |

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' motion for summary judgment. (Docket #2613). Plaintiff has responded. (Docket #2635). Defendant has replied. (Docket #2641). For the following reasons, Defendants' motion for summary judgment (Docket #2613) is GRANTED.

BACKGROUND

Plaintiff Aldonia Brown fell and twisted her left ankle while wearing Shape-ups tennis shoes ("Shape-ups"). Brown filed several claims against Defendants Skechers U.S.A., Inc., Skechers U.S.A. Inc. II, and Skechers Fitness Group (collectively "Skechers"). Brown's case has been consolidated in this Court along with over one thousand cases for purposes of determining preliminary matters as part of multidistrict litigation.

Brown's injuries occurred on March 18, 2011. Brown filed this lawsuit on October 31, 2013. Skechers now moves for summary judgment on the grounds that Brown's claims are barred by a one-year statute of limitations. (Docket #2613). In response, Brown argues that the statute of limitations does not begin to run until she reasonably suspected that her injuries stemmed from Skecher's Shape-ups.

1

STANDARD

Summary judgment is proper if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence. To support this position, he must present evidence on which the trier of fact could find for the plaintiff. *See id*. (*citing Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

DISCUSSION

The parties agree that Louisiana law applies to Brown's claims. *See In re Vioxx Prods. Liab. Litig.*, 478 F. Supp. 2d 897, 902-03 (E.D. La. 2007). Under Louisiana law, the "prescriptive period for a tort products liability action is one year from the date of injury." *Firmin, Inc. v. Denham Springs Floor Covering, Inc.*, 595 So. 2d 1164, 1171 (La. Ct. App.

1991). However, Louisiana "adopts the doctrine of contra non valentem to the effect that prescription does not commence running until the facts necessary to state a cause of action are known or reasonably knowable to the plaintiff." *Sharkey v. Sterling Drug, Inc.*, 600 So. 2d 701, 713 (La. Ct. App. 1992); *Metropolitan Wholesale Supply v. The M/V Royal Rainbow*, 12 F.3d 58, 62 (5th Cir. 1994). A defendant must prove "the plaintiff had actual or constructive notice of the tortious act, the resulting injury, and the causal connection between the two" or plaintiff's "lack of such knowledge was willful, negligent or unreasonable." *Sharkey*. 600 So. 2d at 714. "Prescription will not begin to run at the earliest possible indication that a plaintiff may have suffered some wrong." *Jordan v. Employee Transfer Corp.*, 509 So. 2d 420, 423 (La. 1987). It will not "force a person who believes he may have been damaged in some way to rush to file suit against all parties who might have caused that damage," but "[o]n the other hand, a plaintiff will be responsible to seek out those whom he believes may be responsible for a specific injury." *Id.*; *Marin v. Exxon Mobil Corp.*, 48 So. 3d 234, 250 (La. 2010) ("sufficient information to excite their attention and they should have investigated further at that time").

   Brown admits that she was aware on the day of her injury that her Shape-ups contributed to her fall. In her deposition, Brown was asked: "When you had the incident on March 18th, 2011, at that time, was it your impression that your shoes had caused you to sprain your ankle and fall." Brown responded: "Yes." (Docket #2613-2). Brown also admitted that one of her treating doctors told her in the weeks after her fall that the Shape-ups contributed to her fall. (Docket #2613-2, p. 10-11).

   Brown argues the instability of the Shape-ups is caused by a relatively soft midsole that Brown could not have known about at the time of her injury. (Docket #2635). Brown cites the expert report of Wilson C. Hayes, Ph.D. to support her argument that "Shape-ups are 29% softer

3

in the rear foot midsole compared to conventional athletic shoes, leading to a dangerously unstable platform for the foot." (Docket #2635). In essence, Brown argues that her unawareness as to causation prevented her from realizing she had a claim. While this theory has been accepted in Louisiana courts, it appears to be limited to medical malpractice cases, in which the link malpractice and the development of a disease is hidden inside the body. *Sharkey*, 600 So. 2d. at 713; *Zumo v. R.T. Vanderbilt Company, Inc.*, 527 So.2d 1074, 1077 (La. App. 1st Cir. 1987); *Knaps v. B & B Chemical Company, Inc.*, 828 F.2d 1138 (5th Cir. 1987); *Griffin v. Kinberger*, 507 So.2d 821, 823-24 (La. 1987) ("even if a malpractice victim is aware that an undesirable condition developed at some point in time after the medical treatment, prescription does not run as long as it was reasonable for the victim not to recognize that the condition may be related to the treatment"). Conversely, in this case Brown was aware that the Shape-ups were unstable and may have caused her fall. Brown did not need to understand the exact science which caused the shoes to be unstable to know the shoes were unstable. Brown knew of the facts which form the basis of her claim on or shortly after her fall on March 18, 2011. Therefore, Brown's October 31, 2013 filing is past Louisiana's one-year statute of limitations.

Brown has not responded to Skechers' argument that her breach of warranty and other claims are barred by this Court's previous settlement of the class action claims brought by Plaintiff Tamara Grabowski. (Docket #148). Therefore, Skechers is entitled to summary judgment on these claims. *Brown v. VHS of Mich., Inc.*, 545 Fed. Appx. 368, 372 (6th Cir. 2013) (unpublished) (collecting cases).

IT IS HEREBY ORDERED that, for the foregoing reasons, Defendants' motion for summary judgment (Docket #2613) is GRANTED.